# United States Court of Appeals for the Federal Circuit

2008-1105


THE PROCTER & GAMBLE COMPANY,

Plaintiff-Appellant,

v.


KRAFT FOODS GLOBAL, INC.,

Defendant-Appellee.




William C. Rooklidge, Howrey LLP, of Irvine, California, argued for plaintiff-appellant. With him on the brief was Henry A. Petri, Jr., of Houston, Texas.

Claude M. Stern, Quinn Emanuel Urquhart Oliver & Hedges, LLP, of Redwood Shores, California, argued for defendant-appellee. With him on the brief was Evette D. Pennypacker.

Appealed from: United States District Court for the Northern District of California

Judge Phyllis J. Hamilton

# United States Court of Appeals for the Federal Circuit

2008-1105

THE PROCTER & GAMBLE COMPANY,

Plaintiff-Appellant,

v.

KRAFT FOODS GLOBAL, INC.,

Defendant-Appellee.

Appeal from the United States District Court for the Northern District of California in case no. 07-CV-4413, Judge Phyllis J. Hamilton.

_____

DECIDED: December 5, 2008

_____

Before BRYSON, GAJARSA, and DYK, <u>Circuit Judges</u>.

GAJARSA, <u>Circuit Judge</u>.

Although this is a patent infringement case, this appeal turns on a procedural issue regarding the issuance of a stay and the denial of a preliminary injunction. The Procter & Gamble Company ("P&G") appeals from the trial court's interlocutory order granting Kraft Foods Global, Inc.'s ("Kraft's") motion for a stay pending inter partes reexamination before the United States Patent and Trademark Office ("PTO") of P&G's U.S. Patent No. 7,169,418 ("the '418 patent"). In particular, P&G argues that the stay

order either directly denied its motion for a preliminary injunction or had the effect of denying the motion. This case therefore presents the issue of whether we have jurisdiction to hear this interlocutory appeal, and if so, whether the district court abused its discretion with respect to Kraft's motion to stay and/or P&G's motion for a preliminary injunction. Because the stay order effectively denied P&G's motion, jurisdiction is proper. Further, we hold that the district court abused its discretion by effectively denying P&G's motion without proper consideration of the merits. Therefore, we vacate the stay and remand for consideration of the merits of P&G's motion for a preliminary injunction.

## BACKGROUND

P&G owns the Folgers brand of ground, roast coffee; Kraft owns the competing Maxwell House brand. P&G's '418 patent is directed to a plastic container, intended to replace conventional metal cans for marketing and storing ground, roast coffee. The '418 patent issued on January 30, 2007. Kraft filed a request for inter partes reexamination of that patent on March 8, 2007. On June 7, 2007, the PTO granted Kraft's request for reexamination but simultaneously confirmed the patentability of every claim of the '418 patent.

In July 2007, Kraft introduced a plastic coffee container for the Maxwell House brand ground, roast coffee. P&G filed this action on August 8, 2007. On September 14, 2007, P&G filed a motion seeking a preliminary injunction against Kraft's continued use of its plastic containers. Kraft, in turn, filed a motion for a stay pending its appeal to the Board of Patent Appeals and Interferences ("BPAI") of the examiner's decision on reexamination confirming the patentability of the claims of the '418 patent. Procter &

_____, No. 3:07-CV-04413, slip op. at 1, 12 (N.D. Cal. Oct. 11, 2007) (hereinafter "Stay Order"). At a hearing on October 3, 2007, the trial court removed from its calendar the scheduled hearing for P&G's preliminary injunction motion, reasoning that it could not determine P&G's likelihood of success on the merits without construing the claims. Stay Hr'g Tr. 33–35 (Oct. 3, 2007). The court further stated that it would reschedule the hearing (1) if it did not grant Kraft's motion to stay; and (2) after any claim construction disputes had been resolved. Id. On October 11, 2007, the district court granted Kraft's motion to stay the case and concluded without any analysis that "plaintiff's pending motion for preliminary injunction is moot." Stay Order at 1–2.

P&G filed a notice of appeal, and Kraft filed a motion for this court to dismiss the appeal for lack of jurisdiction. Kraft argued that (1) the appeal is premature because the district court's stay order is not a final judgment on the merits and does not expressly deny an injunction; and (2) P&G cannot demonstrate that it will suffer irreparable harm without an immediate appeal. A motions panel of the court denied Kraft's motion to dismiss, reasoning that (1) the district court's statement characterizing P&G's preliminary injunction motion as moot might be an express denial; and (2) "an order argued to have the effect of denying a request for a preliminary injunction 'readily satisfies' the requirement to show irreparable harm." Procter & Gamble Co. v. Kraft Food Global, Inc., No. 2008-1150, slip op. at 2 (Fed. Cir. Feb. 28, 2008) (quoting Woodard v. Sage Products, Inc., 818 F.2d 841, 851 (Fed. Cir. 1987) (en banc)). The court also noted that the parties remained free to present jurisdictional arguments to a

merits panel for an ultimate disposition.  Id. at 2.  As set forth below, we conclude that we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(c)(1).

## DISCUSSION

When jurisdiction is proper, a district court's decision to issue a stay is reviewed for an abuse of discretion.  See Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir. 1983); cf. Am. Life Ins. Co. v. Stewart, 300 U.S. 203, 215 (1937) ("In the exercise of a sound discretion [the district court] may hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same.").  We also review the denial of a preliminary injunction for an abuse of discretion.  See Chamberlain Group, Inc. v. Lear Corp., 516 F.3d 1331, 1339 (Fed. Cir. 2008); Novo Nordisk of N. Am., Inc. v. Genentech, Inc., 77 F.3d 1364, 1367 (Fed. Cir. 1996).  "An abuse of discretion in granting or denying a preliminary injunction may be found 'by showing that the court made a clear error of judgment in weighing relevant factors or exercised its discretion based on an error of law or clearly erroneous factual findings.'"  Abbott Labs. v. Andrx Pharms., Inc., 452 F.3d 1331, 1335 (Fed. Cir. 2006) (quoting Polymer Techs., Inc. v. Bridwell, 103 F.3d 970, 973 (Fed. Cir. 1996)).

## I.  JURISDICTION

Our jurisdiction over an interlocutory appeal such as that brought by P&G in this case is governed by 28 U.S.C. § 1292(a)(1) and (c)(1).  Taken together, these subsections provide that this court has exclusive jurisdiction over appeals from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions," 28 U.S.C. § 1292(a)(1), in any case over which this court would have jurisdiction of an appeal under § 1295.  28 U.S.C. § 1292(c)(1).  The Supreme Court has interpreted

§ 1292(a)(1) as providing a limited exception to the final judgment rule that is only available when "a litigant can show that an interlocutory order of the district court might have a 'serious, perhaps irreparable, consequence,' and that the order can be 'effectually challenged' only by immediate appeal." Carson v. Am. Brands, Inc., 450 U.S. 79, 84 (1981) (quoting Balt. Contractors, Inc. v. Bodinger, 348 U.S. 176, 181 (1955)); see also Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 287–88 (1988) ("Section 1292(a)(1) will, of course, continue to provide appellate jurisdiction over orders that grant or deny injunctions and orders that have the practical effect of granting or denying injunctions and have serious, perhaps irreparable, consequence." (internal quotation marks omitted)). In Woodard, this court stated that "[a]n order which is deemed to deny a preliminary injunction readily satisfies the Carson requirements." 818 F.2d at 851; see also id. at 853. Accordingly, we have jurisdiction over P&G's appeal if the trial court's stay order had the practical effect of denying P&G's motion for a preliminary injunction.

Under this standard, we conclude that jurisdiction is proper. The trial court explicitly refused to consider the merits of P&G's motion for a preliminary injunction. Indeed, the judge concluded it was moot. Even if this statement is merely a refusal to consider the merits of P&G's motion until after the stay is lifted, such a decision "cannot effectually be reviewed after the trial." Woodard, 818 F.2d at 851 ("By that time the question of relief or of maintaining the status quo during trial will have become moot."). Accordingly, we conclude that the stay order, as implemented in this case, can be deemed to have denied P&G's motion for a preliminary injunction, meets the Carson requirements, and is therefore reviewable under § 1292(a)(1) and (c)(1).

Because we have jurisdiction to review the effective denial of P&G's motion for a preliminary injunction, we also have jurisdiction over the trial court's decision to stay this case pending reexamination proceedings before the PTO. When this court reviews a properly appealable interlocutory order, "other interlocutory orders, which ordinarily would be nonappealable standing alone, may be reviewed." Intermedics Infusaid, Inc. v. Regents of Univ. of Minn., 804 F.2d 129, 134 (Fed. Cir. 1986). "Whether an appellate court exercises this 'doctrine of pendent jurisdiction at the appellate level' is a matter of discretion." Id. "[T]he major factor in determining whether to exercise this jurisdiction is the extent that review of the appealable order will involve consideration of factors relevant to the otherwise nonappealable order." Id.

In this case, our consideration of the denial of P&G's preliminary injunction motion necessarily implicates the district court's imposition of the stay. As the Ninth Circuit reasoned in Privitera v. California Board of Medical Quality Assurance,

> Under the unique circumstances of this case, we conclude that the portion of the order staying the action is appealable under 28 U.S.C. § 1292(a)(1). To hold otherwise would mean that the denial of the preliminary injunction would be effectively unappealable because a reversal on that issue would have no effect. Our mandate would return to a black hole. A stay should not insulate the denial of a request for preliminary injunction from appellate review in this way. For this reason, the denial of the preliminary injunction and the stay must be considered together.

926 F.2d 890, 892–93 (9th Cir. 1991); cf. Slip Track Sys., Inc. v. Metal Lite, Inc., 159 F.3d 1337, 1339 (Fed. Cir. 1998) (citing Privitera's rule that "when a stay order accompanies a denial of injunctive relief, the entire order is subject to appellate review," and noting the role of Ninth Circuit opinions in providing "useful guidance" for this court's

jurisdictional inquiries).[1]  Accordingly, we exercise our discretion to consider the stay in conjunction with the effective denial of the preliminary injunction.

## II.  PRELIMINARY INJUNCTION

The district court abused its discretion by effectively denying P&G's motion for a preliminary injunction without considering and balancing the required factors.  "A decision to grant or deny a preliminary injunction is within the sound discretion of the district court, based upon its assessment of four factors: (1) the likelihood of the patentee's success on the merits; (2) irreparable harm if the injunction is not granted; (3) the balance of hardships between the parties; and (4) the public interest."  Oakley, Inc. v. Sunglass Hut Int'l, 316 F.3d 1331, 1338–39 (Fed. Cir. 2003) (citing Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350 (Fed. Cir. 2001)).  In this case, the district court expressly refused to consider the first three factors.  First, the court stated that it could not evaluate P&G's likelihood of success without first construing the claims.  Stay Hr'g Tr. 34.  Second, the court refused to consider arguments regarding irreparable harm and the balance of hardships, stating that such arguments were relevant only to the preliminary injunction motion and would be considered only if the stay was not granted.  Stay Hr'g Tr. 19, 33.  We therefore conclude that the district court abused its discretion by issuing the stay, thereby effecting a denial of P&G's preliminary injunction motion, without balancing the four factors.  See Abbott Labs. v. Andrx Pharms., Inc., 452 F.3d 1331, 1334–35 (Fed. Cir. 2006); see also Amazon.com, 239 F.3d at 1350 ("'These factors, taken individually, are not dispositive; rather, the district

---

[1]   Slip Track distinguished Privitera on the ground that Slip Track never properly requested a preliminary injunction, 159 F.3d at 1339, but there is no dispute that P&G's motion was properly before the trial court in this case.

court must weigh and measure each factor against the other factors and against the form and magnitude of the relief requested.'" (quoting Hybritech, Inc. v. Abbott Labs., 849 F.2d 1446, 1451 (Fed.Cir.1988))).

We further note that, on remand, the district court should consider the current posture of the inter partes reexamination proceedings at the PTO when evaluating P&G's likelihood of success on the merits.  To the extent that Kraft would challenge the validity of the claims of the '418 patent in the district court on the same bases it raised in the reexamination, the examiner's confirmation of the patentability of every claim in the '418 patent may be relevant to P&G's likelihood of success.  We would, however, caution the court that the PTO does not appear to equate the "substantial new question of patentability" standard for whether reexamination should take place, see 35 U.S.C. § 312(a)(1), with the "substantial question of validity" standard by which a defendant may prevent a patentee from demonstrating a likelihood of success on the merits, see, e.g., E.I. du Pont de Nemours & Co. v. MacDermid Printing Sol'ns L.L.C., 525 F.3d 1353, 1358 (Fed. Cir. 2008).  In particular, the PTO considers the standard for reexamination met when "there is a substantial likelihood that a reasonable examiner would consider the prior art patent or printed publication important in deciding whether or not the claim is patentable."  Manual of Patent Examination and Procedure § 2642 (8th ed. Rev. 7 2008) (emphasis in original).  "Thus, 'a substantial new question of patentability' as to a patent claim could be present even if the examiner would not necessarily reject the claim as either anticipated by, or obvious in view of, the prior art patents or printed publications."  Id.  As this court has observed, a requestor's burden to show that a reexamination order should issue from the PTO is unrelated to a

defendant's burden to prove invalidity by clear and convincing evidence at trial. See In re Etter, 756 F.2d 852, 857 n.5 (Fed. Cir. 1985). Additionally, we note that, on remand, the district court's consideration of the four factors may require it to interpret the claims, which are presently under review by the PTO. The district court should monitor the proceedings before the PTO to ascertain whether its construction of any of the claims has been impacted by further action at the PTO or any subsequent proceedings.

## III. STAY

At the outset, P&G argues that the district court's stay order violated 35 U.S.C. § 318. Section 318 reads:

> Once an order for inter partes reexamination of a patent has been issued under section 313, the patent owner may obtain a stay of any pending litigation which involves an issue of patentability of any claims of the patent which are the subject of the inter partes reexamination order, unless the court before which such litigation is pending determines that a stay would not serve the interests of justice.

35 U.S.C. § 318 (emphasis added). P&G argues that the statute only authorizes a stay upon request of the patentee and, therefore, that the court lacked the authority to stay the case on Kraft's (the accused infringer's) request. The district court rejected this argument, reasoning that "[a]lthough true that § 318 does not expressly provide for an automatic stay of parallel district court proceedings, the statute in no way impacts the inherent powers of the court to control the litigation before it, and to grant a stay in the interests of justice when so required." Stay Order at 2. We agree with the district court.

P&G's position is flawed for two reasons. First, it ignores the state of the law as it existed at the time § 318 was enacted. Cf. Morgan v. Principi, 327 F.3d 1357, 1361 (Fed. Cir. 2003) ("Congress is presumed to legislate against the backdrop of existing law." (citing Cannon v. Univ. of Chi., 441 U.S. 677, 698–99 (1979))). Second, it

presumes that by enacting § 318, Congress altered the backdrop of existing law sub silentio.  Cf. Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs., 545 U.S. 967, 982–83 (2005) ("Congress is not presumed to overrule existing law sub silentio.").  The Supreme Court has long recognized that district courts have broad discretion to manage their dockets, including the power to grant a stay of proceedings.  See, e.g., Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket . . . . How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").  And by the time § 318 was enacted in 1999, this court had consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent.  See, e.g., Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir. 1983) (noting that "because district courts have broad discretionary powers to control their dockets, stays will not be vacated unless they are immoderate or of an indefinite duration." (internal quotation marks omitted)); Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426 (Fed. Cir. 1988) (reviewing legislative history of ex parte reexamination, which stated that the statute lacked language authorizing district courts to grant stays pending reexamination because "'such power already resides with the Court.'" (quoting 1980 U.S. Code Cong. & Admin. News at 6463)).  Against this backdrop of existing law, § 318 must be read as enabling a patentee to obtain a stay of district court proceedings more readily than it could otherwise when its patent is subjected to inter partes reexamination by the PTO.  A holding to the contrary would rest on a conclusion that Congress intended to strip district courts of the full scope of their inherent power with no mention of that effect.

Thus, when an order granting inter partes reexamination issues, a patentee may move for a stay under § 318, but the defendant may nevertheless seek a stay under the district court's inherent power.

With regard to whether the district court properly granted the stay in this case, our conclusion necessarily follows that which we made regarding the preliminary injunction. Cf. Privitera, 926 F.2d at 892–93 ("To hold otherwise would mean that the denial of the preliminary injunction would be effectively unappealable because a reversal on that issue would have no effect."). Accordingly, we vacate the stay and remand to the district court for a determination on the merits of P&G's request for a preliminary injunction. Upon completing that determination, including such underlying proceedings (e.g., claim construction) as are necessary, the district court of course remains free to exercise its discretion and stay this case pending reexamination should either party so move.

However, we note that the district court ordinarily should not grant both a preliminary injunction and a stay. A preliminary injunction should not be granted if there is a substantial issue of patent validity. See Amazon.com v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350–51 (Fed. Cir. 2001). Similarly, a stay should ordinarily not be granted unless there is a substantial patentability issue raised in the inter partes reexamination proceeding. Thus, both a preliminary injunction and a stay ordinarily should not be granted at the same time. A grant of a preliminary injunction followed by

a stay of the district court proceedings could subject an accused infringer to unfair and undesirable delay in reaching a final resolution.[2]

## CONCLUSION

The district court abused its discretion by imposing a stay that effectively denied P&G's motion for a preliminary injunction without considering the merits of that motion. Accordingly, we vacate the stay and remand for a determination on the merits of whether P&G is entitled to a preliminary injunction.

## VACATED AND REMANDED

## COSTS

No costs.

---

[2]     If a preliminary injunction is denied, and a stay is granted, as the inter partes reexamination moves forward it may appear that the invalidity challenge is, in fact, insubstantial. If that occurs, the district court would then be free to lift the stay and grant a preliminary injunction, without waiting for a final conclusion of the PTO proceedings.