NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1158, -1164

AUTOMATED MERCHANDISING SYSTEMS, INC.,

Plaintiff-Cross Appellant,

v.

CRANE CO.,

Defendant-Appellant,

and

SEAGA MANUFACTURING, INC.,

Defendant-Appellee.

James D. Berquist, Davidson Berquist Jackson & Gowdey, LLP, of Arlington, Virginia, argued for plaintiff-cross appellant. With him on the brief was Donald L. Jackson.

Jamil N. Alibhai, Munck Carter, LLP, of Dallas, Texas, argued for defendant-appellant. With him on the brief was William A. Munck. Of counsel were Ryan C. Hudson and Laura A. Russell.

William A. Rinehart, II, Reinhart Boerner Van Dueren s.c., of Milwaukee, Wisconsin, argued for defendant-appellee. On the brief was David G. Hanson.

Appealed from: United States District Court for the Northern District of West Virginia

Chief Judge John Preston Bailey

# United States Court of Appeals for the Federal Circuit

2009-1158, -1164

AUTOMATED MERCHANDISING SYSTEMS, INC.,

Plaintiff-Cross Appellant,

v.

CRANE CO.,

Defendant-Appellant,

and

SEAGA MANUFACTURING, INC.,

Defendant-Appellee.

Appeals from the United States District Court for the Northern District of West Virginia in case no. 3:08-CV-97, Chief Judge John Preston Bailey.

_____

DECIDED:  December 16, 2009

_____

Before MICHEL, Chief Judge, CLEVENGER, and DYK, Circuit Judges.

MICHEL, Chief Judge.

In this patent infringement case, the district court entered a preliminary injunction against sales of the allegedly infringing products.  The district court simultaneously stayed all infringement and other claims pending the outcome of ongoing reexamination proceedings in the United States Patent and Trademark Office (USPTO).  The parties have brought dueling interlocutory appeals, arguing that the district court should not have entered these simultaneous orders, although the parties disagree about which

order was correct. Because we find that the district court erred by granting the preliminary injunction but not by staying the case, we affirm in part, vacate in part, and remand.

## I. BACKGROUND

Automated Manufacturing Systems, Inc. (AMS), Crane Co. (Crane), and Seaga Manufacturing, Inc. (Seaga) all make and sell glass-front automatic vending machines. AMS holds several patents relating to systems that use optical technology to detect whether a product that the user of the machine has purchased has actually been delivered by the machine.

During 2003 and 2004, AMS and Crane filed four separate patent-related lawsuits against one another in the Northern District of West Virginia. These four earlier cases are all stayed pending reexamination of the relevant patents. In June 2008, AMS filed the present case against Crane, alleging that Crane infringed two other, later-issued AMS patents and that Crane tortiously interfered with AMS's contractual and business relationships. AMS also sued Seaga for infringement of several AMS patents. During the early stages of the litigation, Crane asked the USPTO to reexamine the patents it was alleged to have infringed, and Crane subsequently asked the court to consolidate this case with the four earlier stayed cases and thereby also stay this litigation pending the outcome of the reexamination proceeding.

At about the same time, AMS moved for a preliminary injunction, arguing essentially that Crane's sales of infringing products were costing AMS so much market share that, were Crane not enjoined from making infringing sales, AMS was likely to go out of business before the litigation could conclude. In December 2008, the court

granted AMS's motion for a preliminary injunction, and, in the same order, the court simultaneously granted Crane's motion to consolidate the case with the earlier cases and to stay the litigation pending reexamination of the asserted patents. Both AMS and Crane appealed the portions of this order that were adverse to them. Seaga did not appeal.

After the original notices of appeal were filed, the district court decided on the amount of a preliminary injunction bond. AMS amended its notice of appeal to include this decision, because AMS contends the district court set the injunction bond amount without considering AMS's ability to pay. In its papers seeking reconsideration of the bond amount order, AMS stated that it did not intend to pay the bond unless the court reduced the amount of the bond AMS would be required to post. After setting the bond amount, the district court stayed entry of the preliminary injunction pending the outcome of this appeal. The district court also clarified that the bond would not have to be posted until the injunction became effective, thereby apparently causing AMS to reconsider its decision not to pay without a reduction.

## II.    DISCUSSION

We review grants of preliminary injunctions for abuse of discretion. Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 845 (Fed. Cir. 2008). Under this standard, we ask whether the district court "made a clear error of judgment in weighing relevant factors or exercised its discretion based upon an error of law or clearly erroneous factual findings." Novo Nordisk of N. Am. Inc. v. Genentech, Inc., 77 F.3d 1364, 1367 (Fed. Cir. 1996). Similarly, because district courts "have the inherent power to manage their dockets and stay proceedings," we also review district court decisions

staying litigation for abuse of discretion.  Procter & Gamble, 549 F.3d at 848-49; Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).

Before deciding the merits of this case, we must first ensure that we have jurisdiction to hear these appeals.  AMS argues that we have jurisdiction over the interlocutory appeal from the district court's grant of the preliminary injunction.  We agree.  28 U.S.C. § 1292(a)(1) provides this court with jurisdiction over "appeals from . . . interlocutory orders . . . granting . . . injunctions."  AMS and Crane both have appealed from the district court's entry of the original order granting a preliminary injunction against sales of Crane's allegedly infringing products, so there is an interlocutory appeal from an order granting a preliminary injunction.  We hold we have jurisdiction under § 1292(a)(1).  Strangely, although it is the appellant here, Crane argues that jurisdiction under § 1292(a)(1) does not exist, because AMS never posted the required injunction bond, rendering the order granting the injunction a nullity.  We disagree.  While the posting of a bond may be necessary before the preliminary injunction can go into force, the failure to post such a bond does not mean that no order was ever entered granting the injunction.  Entry of such an order is all that is required by § 1292(a)(1).  It is exceedingly odd that Crane, the appellant here, argues that there is no appellate jurisdiction, but Crane's argument is even stranger than this.  In the same motion[1] in which Crane argues that we lack jurisdiction to hear challenges to the preliminary injunction order at issue in this case, Crane argues that we should vacate the preliminary injunction order at issue in this case.  It should go without saying that we

---

[1] Crane raised its jurisdictional argument in its brief but only developed the argument fully in its earlier motion to dismiss the appeal.  That motion was denied without prejudice to Crane's raising the issue in its merits brief.

2009-1158, -1164                    4

cannot vacate the preliminary injunction, as Crane asks us to do, unless we have the jurisdiction that Crane claims we lack. We conclude, however, that we do have jurisdiction for the reasons discussed above.

Turning to the merits, we first consider whether the district court abused its discretion by granting a preliminary injunction. "A decision to grant or deny a preliminary injunction is within the sound discretion of the district court, based upon its assessment of four factors: (1) the likelihood of the patentee's success on the merits; (2) irreparable harm if the injunction is not granted; (3) the balance of hardships between the parties; and (4) the public interest." Oakley, Inc. v. Sunglass Hut Int'l, 316 F.3d 1331, 1338-39 (Fed. Cir. 2003) (citing Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350 (Fed. Cir. 2001)). "[A] movant cannot be granted a preliminary injunction unless it establishes both of the first two factors, i.e., likelihood of success on the merits and irreparable harm." Amazon.com, 239 F.3d at 1350 (citing Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc., 141 F.3d 1084, 1088 (Fed. Cir. 1998); Reebok Int'l Ltd. v. J. Baker, Inc., 32 F.3d 1552, 1555 (Fed. Cir. 1994)). Here, the district court abused its discretion by finding that AMS established these two factors when that finding was clearly erroneous on this record.

To show irreparable harm, AMS argued below (and argues here) that, in the absence of a preliminary injunction, Crane's continued alleged infringement will cause various types of harm to AMS that cannot be compensated via monetary damages. These harms include loss of revenue, loss of market share, and price erosion. We do not agree with the district court that AMS established irreparable injury by introducing evidence supporting these harms. First, lost sales standing alone are insufficient to

prove irreparable harm; if they were, irreparable harm would be found in every case involving a "manufacturer/patentee, regardless of circumstances." Abbott Labs. v. Andrx Pharms., Inc., 452 F.3d 1331, 1348 (Fed. Cir. 2006). Lost sales (without more) are presumed to be compensable through damages, so they do not require injunctive relief. Thus, we find that, no matter how much evidence of lost revenue AMS presented, this evidence by itself could not support a finding of irreparable injury.

Second, lost market share must be proven (or at least substantiated with some evidence) in order for it to support entry of a preliminary injunction, because granting preliminary injunctions on the basis of speculative loss of market share would result in granting preliminary injunctions "in every patent case where the patentee practices the invention." Nutrition 21 v. United States, 930 F.2d 867, 871 (Fed. Cir. 1991). In finding AMS's evidence of lost revenue and market share sufficient here, the district court relied on several cases that suggested that, because of the old presumption that harm from patent infringement was irreparable, the burden was on the defendant to demonstrate that the potential harm from not granting a preliminary injunction was finite, calculable, and compensable. This is no longer the law, as these cases all pre-dated the Supreme Court's decision in eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 392-94 (2006), in which the presumption of irreparable harm, based just on proof of infringement, was discarded. The burden is now on the patentee to demonstrate that its potential losses cannot be compensated by monetary damages. The proof of lost market share and lost sales cited by the district court here was insufficient to meet this standard. The district court cited an affidavit from Sharon Shull, AMS's president, which stated that Crane's acquisition of a distribution company (Automatic Products) placed Crane's allegedly

infringing machines in many of the same showrooms as AMS's machines; that one of AMS's dealers (Mountain Coin Machines) asked AMS to no longer list it as a distributor soon after Crane introduced its allegedly infringing products; and that AMS's production levels and employment depended on the sales of AMS machines that competed with Crane's allegedly infringing machines. To the extent that these harms stem from Crane's alleged patent infringement, we cannot conclude that they have been shown to be non-compensable by monetary damages. The only one that might reasonably be considered non-compensable is AMS's loss of one distributor, Mountain Coin Machines. We cannot agree that, under the circumstances of this case, the defection of a single distributor from the patentee's camp to the accused infringer's camp is sufficient to demonstrate irreparable harm. The district court's contrary finding is legally and factually unsound.

Third, AMS suggests that allowing Crane to keep producing and selling allegedly infringing machines will lead to price erosion. To the extent that failing to grant a preliminary injunction would permit Crane to drop its prices in order to drive AMS out of the market entirely, this might support a finding of irreparable harm sufficient to warrant a preliminary injunction. But the district court cited no evidence (and neither party points to any evidence here) that this would be likely to occur; the only support for this theory of harm is the district court's conclusory statement that price erosion is possible. Given the lack of evidence supporting any type of harm that would not be compensable through monetary damages, we hold that the district court clearly erred by finding that AMS demonstrated irreparable harm.

Moreover, we hold that the district court clearly erred in finding that AMS demonstrated a reasonable likelihood of success on the merits. The district court's finding of likelihood of success was based on Crane's failure to demonstrate that its invalidity argument was likely to succeed in invalidating the asserted claims of AMS's patents. Given this failure by Crane to demonstrate that AMS's patents were likely to be proven invalid, the district court found that AMS had shown a reasonable likelihood of succeeding on the merits of its infringement claim. But this improperly shifts the burden to Crane to demonstrate that AMS is unlikely to succeed on the merits in order for Crane to avoid a preliminary injunction. This is not the law. Instead, AMS must demonstrate that it is reasonably likely to succeed on the merits. Given that Crane will have the burden at trial of proving invalidity by clear and convincing evidence, we understand that it may be difficult to determine precisely how much of an invalidity case Crane needs to present at this preliminary stage. Even so, the district court's analysis of the likely outcome of the invalidity question here was so abbreviated that we cannot uphold the district court's finding that AMS was reasonably likely to succeed on the merits. Crane pointed to a selection of prior art references that together disclose all the limitations of claim 28 of the '220 patent. The district court did not examine the invalidity arguments Crane presented; instead, the court merely determined that, because two of the prior art references had already been examined by the PTO, they were incapable of raising any substantial question of patentability. This was improper, not least because the Supreme Court decision in KSR International Co. v. Teleflex Inc., 550 U.S. 398 (2007), which changed the state of obviousness law, was issued after the patents were examined in the PTO but before the district court issued the decision under review here.

The district court then found that, because the other two prior art references Crane presented related only to "transparent-front vending machine[s] having helical coils to dispense products," they also could not raise a substantial question of patentability. We do not find that these references, which certainly relate to vending machines, are in a field so different from the vending-machine-related patent at issue that they could not conceivably support an obviousness argument. Thus, we hold that the district court was too quick to dismiss Crane's invalidity argument. Under a proper analysis, it may well prove that AMS is likely to prevail on the merits in this case. We express no opinion on that issue. But, given the facts in this case and the analysis conducted by the district court, we do not agree with the district court's conclusion that Crane failed to raise a substantial question of patentability.

Given the weaknesses in AMS's demonstrations of likelihood of success on the merits and irreparable harm, we hold that the district court reversibly erred by granting AMS's motion for a preliminary injunction. We therefore vacate the injunction and remand for further proceedings. Because we vacate the preliminary injunction, we need not reach the question of whether it was error for the district court to set the amount of the injunction bond without considering AMS's ability to pay.

This leaves only the issues regarding the district court's stay of all of AMS's infringement and related claims (against both Crane and Seaga) pending the outcome of the reexamination of the patents-in-suit by the United States Patent and Trademark Office. There are two separate issues: the stay of AMS's claims against Crane and the stay of AMS's claims against Seaga.

Both Crane and AMS agree that it was error for the district court to both grant a preliminary injunction against Crane and stay AMS's claims against Crane pending reexamination of the patents-in-suit. But the parties do not agree on the proper remedy. Crane would maintain the stay but vacate the preliminary injunction, while AMS would vacate the stay and maintain the injunction. The parties are correct that on this record the district court necessarily erred either by granting the preliminary injunction or by staying the case. "[T]he district court ordinarily should not grant both a preliminary injunction and a stay." Procter & Gamble, 549 F.3d at 849. This is because a stay pending reexamination is appropriate only if there is a substantial issue of patentability raised in the reexamination proceeding, while the injunction against the accused infringer is appropriate only if there is no substantial issue of patentability. Id. (citing Amazon.com, 239 F.3d at 1350-51). Because it logically seems that there cannot simultaneously be a substantial issue of patentability and no substantial issue of patentability, stays pending reexamination are typically inappropriate in cases in which preliminary injunctions are appropriate. As discussed above, though, because Crane did not fail to raise a substantial question of patentability, the entry of the preliminary injunction here was in error, and we vacate the injunction. Given this, there is no longer any problem with staying AMS's claims against Crane pending the outcome of the reexamination process. Moreover, AMS's claims against Crane are still in their very early stages: Crane requested the stay only two months after the complaint was filed, and the district court entered the stay order before any discovery was conducted. Because the stay was granted pending the outcome of patent reexamination proceedings, it may simplify the issues for trial. It might even render a trial

unnecessary.  Given these facts, and given the wide discretion the district court generally has to manage its docket, this seems to be a case in which the stay could have been correctly granted or denied.  We cannot say that the district court abused its discretion here by granting the stay.  Therefore, we affirm the district court's stay of AMS's claims against Crane.

For the same reasons, we affirm the district court's stay of AMS's claims against Seaga.  As with the claims against Crane, the claims against Seaga were stayed before the start of discovery, and the reexamination of the patents-in-suit may simplify the issues for trial.  Trial may even prove unnecessary.  Given that the district court properly stayed the claims against Crane, and given that, by filing the claims against the two defendants in the same action, AMS suggested that the claims against Seaga should be tried together with the claims against Crane, we do not think the district court abused its discretion by also staying the claims against Seaga.  We also do not think that the district court erred in staying the state-law claims, which are intertwined with the patent claims.  Thus, we affirm the district court's stay of these claims.

## CONCLUSION

For the reasons stated above, we affirm in part, reverse in part, and remand the district court's decision.

## COSTS

No costs.