NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GARY ODOM,**
*Plaintiff-Appellant,*

v.

**MICROSOFT CORPORATION,**
*Defendant-Appellee.*

---

2011-1160

---

Appeal from the United States District Court for the District of Oregon in Case No. 09-CV-0230, Judge Michael W. Mosman.

---

Decided: May 4, 2011

---

GARY ODOM, of Portland, Oregon, pro se.

JOSEPH A. MICALLEF, Arnold & Porter, LLP, of Washington, DC, for the defendant-appellee. On the brief were MATTHEW N. BATHON and ERIC J. MCKEOWN. Of counsel on the brief was ISABELLA FU, Microsoft Corporation, of Redmond, Washington.

---

Before LOURIE, BRYSON, and LINN, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Gary Odom appeals from the final judgment of the United States District Court for the District of Oregon in favor of Microsoft Corporation ("Microsoft") finding certain claims of U.S. Patent 7,363,592 (the "'592 patent") to be invalid for obviousness and not infringed by Microsoft's software. *Odom v. Microsoft Corp.*, No. 09-CV-0230, Dkt. No. 211 (D. Or. Sept. 08, 2010) ("*Final Judgment*"). Because we agree that the asserted claims of the patent in suit would have been obvious to a person of ordinary skill in the art at the time of filing, we *affirm*.

BACKGROUND

Odom owns the '592 patent relating to a method for manipulating groups of "tools" in "toolbars" found in computer software applications. The asserted claims of the '592 patent, claims 8, 10 and 14, recite altering the condition of a "tool group" based on user manipulation. A toolbar in a computer software application generally comprises buttons featuring icons that are commonly recognized by a computer user as symbolizing various tasks in the application. Toolbars are a standard feature of software applications because they allow immediate single-click access to commonly used features of the application. '592 patent, col.1, ll.29-40. Figures 4 and 5 from the '592 patent depict a toolbar embodiment that demonstrates the patented method.



FIGURE 4



FIGURE 5

As can be seen, the toolbar is divided into groups, with a "divider" separating each group. The invention claimed in the '592 patent basically relates to the ability to use the divider to hide or display selected tools. For example, Figure 5 shows how a divider has been moved to hide the Undo (2u) and Delete (2d) tools of Figure 4. The user is alerted to the hidden tools by the Compressed Group Indicator (7) in Figure 5. Independent claim 8 is representative of the patented invention:

8.  A computer-implemented method comprising:

displaying a toolbar comprising at least one first tool group,

wherein said first tool group comprises at least one user-selectable tool,

wherein visibly designating said first tool group by at least one user-manipulatable divider located near at least one end of said first tool group,

wherein said first tool group divider is visually distinct from a said tool and from any visible means for directly manipulating said toolbar in its entirety, and

wherein said tool group divider is user-manipulatable for altering the condition of said tool group;

selecting said first tool group;

interactively tracking user indication of movement related to said first tool group until receiving user indication to cease tracking; and

altering the condition of at least one tool group on said toolbar based upon said tracked user indications.

'592 patent, claim 8. Claim 10 is dependent on claim 8 and recites that the altered condition is a change in number of tools displayed in a tool group. Claim 14, which is also dependent on claim 8, adds a limitation of indicating that the condition has been altered. The '592 patent was filed on May 9, 2005, and issued on April 22, 2008.

User-manipulatable toolbars were known in prior art at the time the '592 patent was filed. U.S. Patent 6,057,836 ("Kavalam"), filed April 1, 1997, and assigned to Microsoft, teaches "customizing a composite toolbar via direct on-screen manipulation by resizing the composite toolbar and by rearranging sections within a composite toolbar." Kavalam, Abstract. Figure 9 of Kavalam, part of which is shown below, depicts a number of tools on multiple toolbars that together comprise a composite toolbar that is divided into sections, the size of which can be manipulated by the user by moving section dividers around.



Figure 9

In August 2008, Odom brought suit against Microsoft in the United States District Court for the Eastern District of Texas, alleging infringement of the '592 patent by Microsoft's Office 2007 product, a suite of office productivity software. The software employs a user interface called the Fluent User Interface that includes a collection of "Ribbon" tabs (*e.g.*, "Home"), which in turn have "chunks" of tool buttons (*e.g.*, "Font"), as shown in the figure below:



J.A. 392. Microsoft asserted declaratory judgment counterclaims of noninfringement and invalidity of the '592 patent. Because Microsoft also asserted that Odom was barred from bringing suit by his employment agreements with an Oregon-based law firm that had been representing Microsoft in other patent matters, the Texas court transferred the case to the District of Oregon. *Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995, 1004 (E.D. Tex. 2009).

The Oregon court conducted a claim construction hearing in September 2009 and construed six disputed terms. *See Odom v. Microsoft Corp.*, No. 09-CV-0230, Dkt. No. 90 (D. Or. Sept. 21, 2009). The court construed the term "toolbar" as "a window holding tools that is user-manipulatable" and "tool group" as "the set of tools between group dividers, or between one end of a toolbar and a group divider." *Id.*

In December 2009, Odom's counsel, citing disagreement with Odom, moved to withdraw from the case, and the district court, after conducting an *ex parte* hearing, granted the motion. The court stayed the case for almost two months to allow Odom to retain new counsel. Having failed to retain new counsel, Odom moved to dismiss his claims without prejudice, which the court granted. The court, however, declined to dismiss Microsoft's declaratory judgment counterclaims. J.A. 216. In March 2010, the court also denied Odom's motion to stay the case under 35 U.S.C. § 318 pending *inter partes* reexamination of the '592 patent. J.A. 288-89.

Microsoft moved for summary judgment of noninfringement and invalidity. Odom also filed summary judgment motions on infringement and validity, and on Microsoft's equitable affirmative defenses. On July 26, 2010, the district court conducted a hearing on the vari-

ous dispositive motions.  As for infringement, the court found that Microsoft's accused software did not meet at least two different limitations of the asserted claims: the "user-manipulatable divider" and "altering the condition of at least one tool group on said toolbar."  J.A. 28-32.  The court's summary judgment of noninfringement was based in part on its earlier claim construction of the term "tool group."  J.A. 32.  The court also found that the record did not support a finding of infringement under the doctrine of equivalents.  *Id.*

The court also granted summary judgment of invalidity of the asserted claims.  Although it found that Microsoft had presented "very strong" evidence on the theory of anticipation, the court held that there existed a genuine issue of fact precluding summary judgment of anticipation.  J.A. 34.  However, the court held that the asserted claims presented "one of the clearest" cases of obviousness that had come before it because Odom had simply "cobbled together various pieces of what was already out there in a manner . . . that would have been obvious to anyone skilled in the art at the time of the invention."  J.A. 35.  The court reasoned that any differences argued by Odom between the claimed invention and Kavalam as well as the "taskbar" in Microsoft's Windows98 prior art system were not patentable.  J.A. 34.  Thus, the court granted summary judgment of invalidity to Microsoft.  *Id.*  The court denied Odom's summary judgment motions on infringement and validity at the same time and declined to address his motion on Microsoft's defenses because it had been rendered moot by its other rulings.  J.A. 35, 61.  Following its final judgment, the court awarded costs to Microsoft under 28 U.S.C. § 1920.  J.A. 63.

Odom now appeals the district court's rulings on claim construction, infringement, and invalidity of the '592 patents as well as the district court's various other

rulings. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We begin with the district court's grant of summary judgment on obviousness. We review *de novo* a district court's grant of summary judgment, drawing all reasonable inferences in favor of the nonmovant. *King Pharms., Inc. v. Eon Labs, Inc.*, 616 F.3d 1267, 1273 (Fed. Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

Odom argues that the district court erred in its obviousness analysis by looking at separate pieces of the claimed invention rather than the invention as a whole and by impermissibly applying hindsight in determining obviousness. Odom contends that the court misread Kavalam as disclosing "tool groups" of the claimed invention. According to Odom, the "sections" of the "composite toolbar" disclosed in Kavalam are not like the tool groups on the toolbar that the '592 patent claims. Thus, Odom argues, it was improper for the court to look to Kavalam as invalidating prior art. Odom further argues that there are strong secondary considerations, such as the commercial success of the invention, that the district court ignored.

Microsoft responds that Kavalam presents undisputed evidence that each aspect of the claimed invention was well-known in the prior art at the time of filing the '592 patent application. It contends that user manipulatable toolbars, dividers, tool groups and the functionality of dragging dividers around to show more or fewer tools in a tool group were all known features that Odom combined to achieve predictable results. According to Microsoft, the distinction that Odom draws between his toolbar and

Kavalam's composite toolbar is a highly dubious one that cannot save his claims from invalidity.

We agree with the district court and Microsoft that, in light of Kavalam, the '592 patent's asserted claims would have been obvious as a matter of law. Obviousness is a question of law based on underlying findings of fact. *In re Kubin*, 561 F.3d 1351, 1355 (Fed. Cir. 2009). The underlying factual inquiries include (1) the scope and content of the prior art; (2) the differences between the prior art and the claims at issue; (3) the level of ordinary skill in the art; and (4) any relevant secondary considerations, such as commercial success, long felt but unsolved needs, and the failure of others. *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966). In situations where "the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors, summary judgment is appropriate." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 427 (2007); *see also Tokai Corp. v. Easton Enters., Inc.*, 632 F.3d 1358, 1370 (Fed. Cir. 2011). Such is the case here.

Odom does not dispute that Kavalam teaches user manipulation of toolbars, including allowing users to alter the number of tools displayed. Odom's primary argument is that those manipulatable sections of the composite toolbar in Kavalam are very different from the claimed tool groups. We find that argument unpersuasive. Kavalam teaches toolbars that include "groups of command buttons" and that toolbars can be modified by adding or deleting buttons or otherwise customizing buttons according to user preferences. Kavalam, col.1, ll.34-36, 43-48. It further teaches a composite toolbar that includes sections to hold each of those "groups of command buttons" or toolbars. *Id.* col.7, ll. 7-12. Next, it teaches how the display of those groups can be manipu-

lated. For example, referring to Figure 9, it teaches that the standard toolbar (120) can be collapsed or expanded to allow the user to view as many or as few buttons as the user desires. *Id.* col.9, l.60–col.10, l.3.

Those same concepts are claimed in the '592 patent except that the groups of tools are on a single toolbar. That is an insignificant advance over Kavalam. *KSR Int'l Co.*, 550 U.S. at 417 ("If a person of ordinary skill can implement a predictable variation [of a prior art work], § 103 likely bars its patentability."). Kavalam explains that although its invention has been described in the context of a web browser, employing collections of buttons and toolbars that are relevant to that application, a person of skill in the art would appreciate that the invention can be adopted to other applications where a different arrangement or combination of tools may be desired. Kavalam, col.15, l.63–col.16, l.12. The district court thus did not err in determining that the manner in which '592 patent divides up toolbars into groups and claims manipulation of tool groups would have been a common sense variation of Kavalam for a person of skill in the art. Likewise, it would have also been a trivial change for a person of skill in the art designing such alterable tool groups to add an indicator that could indicate any altered condition of the tool group.

As for Odom's arguments of secondary considerations, we have stated that weak secondary considerations generally do not overcome a strong prima facie case of obviousness. *Western Union Co. v. MoneyGram Payment Sys., Inc.*, 626 F.3d 1361, 1373 (Fed. Cir. 2010). Here too, the invention represents no more than "the predictable use of prior art elements according to their established functions," *KSR*, 550 U.S. at 417, and thus the district court did not err in concluding that the secondary considera-

tions advanced by Odom are inadequate to establish nonobviousness as a matter of law.

We therefore conclude, after considering all facts and reasonable inferences in the light most favorable to Odom, that claims 8, 10, and 14 of the '592 patent would have been obvious as a matter of law and affirm the district court's summary judgment of invalidity. In light of our disposition, we do not reach issues of claim construction and infringement of the '592 patent.

Next, we address Odom's allegations of judicial bias and improper judicial conduct by the Oregon court. Odom argues that the district court repeatedly demonstrated bias against him. According to Odom, that is evidenced by the court's rulings on Odom's motion to strike certain factual evidence and his motion to stay the case under 35 U.S.C. § 318, as well as the court's denial of his summary judgment motion on Microsoft's affirmative defenses. Moreover, he argues, the court allowed his former counsel to withdraw over Odom's objection and then conducted *ex parte* communications with Microsoft's counsel. Further, Odom continues, the court allowed Odom's former counsel to breach the attorney-client privilege and later unsealed the transcript of the alleged breach. Odom also requests that we reverse the district court's award of costs to Microsoft.[1]

Microsoft responds that none of Odom's allegations has merit and that the court was not biased toward Microsoft. Microsoft denies having conducted any *ex parte* communications with the court.

---

[1]   In his opening brief, Odom complains repeatedly about the Texas court's decision to transfer the case to Oregon. However, in his reply brief, he asserts that he has not appealed that decision to us.

We agree with Microsoft that there is no basis to find bias in the district court's actions. We briefly address some of Odom's complaints. With respect to *inter partes* reexamination, section 318 commits the grant of a stay to the district court's discretion and allows the court to deny a stay where it "determines that a stay would not serve the interests of justice." 35 U.S.C. § 318. Here, the court evaluated the prejudice to Microsoft from a stay and found that a delay would further chill Microsoft's relationships with its distributors. *Odom v. Microsoft Corp.*, No. 09-CV-0230, Dkt. No. 141, at 2 (D. Or. Mar. 18, 2010). It also found that the reexamination may not fully resolve the validity of the claims at issue in the case. *Id.* We find no abuse of discretion in the court's decision. *See Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008) ("[A] stay should ordinarily not be granted unless there is a substantial patentability issue raised in the *inter partes* reexamination proceeding.").

As for the district court's decision to unseal portions of Odom's former counsel's *ex parte* communications with the court, we agree with the court that those communications were not privileged and, having granted Odom ample time to retain new counsel, the court was entitled to rely on his former counsel's statements in denying him a continued stay to seek new counsel. *U.S. v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) ("The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice. . . . If the advice sought is not legal advice, . . . then the privilege does not exist.").

We finally find no basis to agree with Odom that the denial of his summary judgment motion on Microsoft's equitable defenses was an indication of judicial bias. There is also no evidence of *ex parte* communications between the court and Microsoft. Microsoft has provided

transcripts of telephonic conversations conducted with the court and the record reflects that Odom was present during each one. J.A. 189-207. Odom's remaining allegations of such communications between the Microsoft and the court are mere speculation.

We therefore find no merit to Odom's allegations of judicial bias on part of the Oregon district court and decline Odom's request to reverse the award of costs to Microsoft, the prevailing party in this case.

CONCLUSION

We have considered Odom's remaining arguments and do not find them persuasive. Accordingly, the judgment of the district court is

**AFFIRMED.**