VIEW ENGINEERING, INC.,
Plaintiff–Appellee,

v.

ROBOTIC VISION SYSTEMS,
INC., Defendant,

and

Morrison Law Firm, Appellant.

No. 96–1472.

United States Court of Appeals,
Federal Circuit.

June 10, 1997.

Ernie L. Brooks, Brooks & Kushman, P.C., Southfield, Michigan, argued for plaintiff-appellee. With him on the brief were Thomas A. Lewry and Frank A. Angileri.

David L. Just, Lucas & Just, New York City, argued for appellant. Of counsel were Roger S. Thompson, The Morrison Law Firm, Mount Vernon, New York, and Donald C. Lucas, of Lucas & Just.

Before RICH, LOURIE, and BRYSON, Circuit Judges.

LOURIE, Circuit Judge.

The Morrison Law Firm, which represented Robotic Vision Systems, Inc., appeals from the decision of the United States District Court for the Central District of California in which sanctions were ordered under Fed.R.Civ.P. 11. *View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* No. CV 95–1882 (C.D. Cal. June 26, 1996). Because the order containing the sanction was not final, and hence was not appealable, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

View Engineering, Inc. filed a declaratory judgment action against Robotic, alleging that one of Robotic's patents was invalid and not infringed by View. Howard Stern, an employee of Robotic, believed that View infringed eight Robotic patents based upon his review of literature describing the accused View machines, his observation of machines at trade shows, and information received from View's customers. Robotic thus counterclaimed for infringement of those eight patents. View apparently did not permit Robotic to inspect the accused machines prior to Robotic's filing of its counterclaim.

Robotic repeatedly told View that when discovery was permitted, it would re-evaluate the infringement issue and withdraw any claim of infringement when information produced during discovery showed that any asserted patent was not infringed. During discovery, Robotic did review manuals for the accused machines and determined that they did not infringe two of the asserted patents.

The charge of infringement with respect to those two patents was withdrawn. Shortly after View produced the manuals and other documents, it moved for sanctions.

The court granted View's motion. It awarded sanctions against Morrison in the amount of seventy-five percent of View's fees and costs for evaluating and defending against the counterclaims. The court arrived at that percentage based upon its finding that Robotic's counterclaim for infringement of the eight patents included six patents for which Robotic failed to make a reasonable inquiry concerning whether infringement existed, as required by Rule 11. The court concluded that Robotic provided no factual basis for its counterclaim that View infringed the six patents. Rather, it found that in filing the counterclaim Robotic acted only upon the belief of Stern, one of its employees, not on a reasonable inquiry by counsel. The court found in effect that Morrison filed the counterclaim and then used discovery in order to determine if there was a factual basis for Robotic's claim of infringement; the court concluded that this was a violation of Rule 11.

View filed an application for fees with the district court, but the court has not yet determined the amount of Morrison's liability. Morrison now appeals the district court's decision imposing Rule 11 sanctions.

## DISCUSSION

■ Neither party in this case has questioned whether we have jurisdiction to hear this appeal. However, courts must always look to their jurisdiction, whether the parties raise the issue or not.

■ Under 28 U.S.C. § 1295(a)(1) (1994), our jurisdiction is limited to an appeal from a "final decision" of a district court.* The Supreme Court has stated that a final decision "generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945); *see also Van Cauwenberghe v. Biard,* 486 U.S. 517,

* None of the limited exceptions applies in this case. *See, e.g.,* 28 U.S.C. § 1292(c) (1994).

521–22, 108 S.Ct. 1945, 1949, 100 L.Ed.2d 517 (1988). At the hearing, Morrison's counsel was questioned concerning whether the district court's decision was final and, if so, the basis for his conclusion. Morrison's counsel responded that it was final because the district court characterized the decision as final. We do not agree. The finality of a district court decision is not determined by the way the court characterizes the decision. Rather, the question to be answered is whether any issues remain to be decided by the court. *See Catlin,* 324 U.S. at 233–34, 65 S.Ct. at 633–34. In this case, the district court has not yet determined the amount for which Morrison is liable as a result of the sanction. That is an issue yet to be decided.

We have not previously determined whether a decision imposing Rule 11 sanctions is final and appealable before the amount of liability is decided. Several other circuits have decided that question and have held that a decision imposing Rule 11 sanctions is not final for purposes of appeal until the district court has decided the amount of liability. *See Cooper v. Salomon Bros. Inc.,* 1 F.3d 82, 85 (2d Cir.1993); *Southern Travel Club, Inc. v. Carnival Air Lines, Inc.,* 986 F.2d 125, 129–30 (5th Cir.1993); *Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.,* 873 F.2d 1327, 1329 (9th Cir.1989); *Gates v. Central States Teamsters Pension Fund,* 788 F.2d 1341, 1343 (8th Cir.1986); *see also Jaffe v. Sundowner Properties, Inc.,* 808 F.2d 1425, 1426 (11th Cir.1987) (stating that a sanction order under Fed.R.Civ.P. 37(d) was not final until the amount of the awarded attorney fees had been decided); *Becton Dickinson and Co. v. District 65, United Auto., Aerospace and Imp. Workers of America,* 799 F.2d 57, 61 (3d Cir.1986) (stating that a decision sanctioning a party for being frivolous and unreasonable in filing an action was not final until the amount of awarded fees had been determined). On the other hand, the Seventh Circuit has reviewed a decision awarding attorney fees before the amount was determined when the decision was consolidated with a final decision on the merits of the underlying cause of action. *Bittner v. Sadoff & Rudoy Indus.,* 728 F.2d 820, 826–27 (7th Cir.1984).

■ Although it is our practice to follow precedent of the regional circuits on issues not unique to our areas of exclusive jurisdiction, we have adopted our own precedent on matters relating to our own appellate jurisdiction. *See Woodard v. Sage Prods., Inc.,* 818 F.2d 841, 844, 2 USPQ2d 1649, 1651 (Fed.Cir.1987) (in banc) ("While in some matters of procedural or substantive law this circuit has concluded that we will follow the law as interpreted by the circuit in which the district court is located, such deference is inappropriate on issues of our own appellate jurisdiction.") (citation omitted). Moreover, we have previously held in *Sanders Associates, Inc. v. Summagraphics Corp.,* 2 F.3d 394, 398, 27 USPQ2d 1853, 1856 (Fed.Cir. 1993), that a sanction against an attorney is not reviewable until final judgment is entered on the underlying action, even though the amount of that sanction has already been determined. We see no difference between this case and *Sanders* that would lead us to permit an appeal now, before the amount of the sanction has been determined. In both instances, the case is not over and appeal is premature. We therefore conclude that this case must be dismissed. Requiring a determination of the amount of a Rule 11 sanction before considering the decision final for purposes of appeal best promotes the efficiency of the judicial process. It results in a single appeal in which both the validity and the amount of the sanction may be challenged, rather than having two appeals. It will also avoid the delay that necessarily would result from two appeals. *See Catlin,* 324 U.S. at 233–34, 65 S.Ct. at 633–34 (stating that the purpose of finality is to avoid piecemeal litigation and to avoid the delays caused by interlocutory appeals). Thus, we follow the majority rule among the other circuits and hold that a district court decision imposing Rule 11 sanctions is not final, and hence not appealable, until the amount of the sanction has been decided by the district court.

## CONCLUSION

Because the district court has not yet determined the amount that Morrison is liable to pay as a sanction under Rule 11, the decision imposing sanctions was not final.

Therefore, we do not have jurisdiction over the present appeal and it is dismissed. When the district court enters an order determining the amount for which Morrison is liable, the case will be final for purposes of appeal.

*DISMISSED.*

